UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| JAMIE PATTERSON, | ) Case No.: |
| Plaintiff, | ) |
| | ) Hon. |
| v. | ) |
| BUREAU OF COLLECTION RECOVERY, | ) **Demand for Jury Trial** |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, JAIME PATTERSON (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, BUREAU OF COLLECTION RECOVERY, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, *Mich. Comp. Law 339.901 et seq.* (MOC).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Michigan, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"

## PARTIES

6. Plaintiff is a natural person residing in Farmington Hills, Oakland County, Michigan.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and *Mich. Comp. Law § 339.901(f)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Mich. Comp. Law § 339.901(a)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Mich. Comp. Law § 339.901(b)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Eden Prairie, Minnesota.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Since February 2011, Defendant placed two (2) collection calls per day to Plaintiff seeking and demanding payment for an alleged debt for a T-Mobile account. (See Exhibit "A")

12. On May 19, 2011 Plaintiff requested Defendant to cease any further communications with her.

13. Despite Defendant receiving notification from Plaintiff to cease further communications, Defendant continues to contact Plaintiff seeking and demanding payment for an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the

natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, JAMIE PATTERSON, respectfully requests judgment be entered against Defendant, BUREAU OF COLLECTION RECOVERY, for the following:

15. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

17. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

18. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

19. Defendant willfully violated the MOC based on the following:

a. Defendant violated *§339.915(n)* of the MOC by using a harassing, oppressive, or abusive method to collect a debt.

WHEREFORE, Plaintiff, JAMIE PATTERSON, respectfully requests judgment be entered against Defendant, BUREAU OF COLLECTION RECOVERY, for the following:

20. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*,

21. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*, and

22. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMIE PATTERSON, demands a jury trial in this case.

DATED: August 1, 2011                    RESPECTFULLY SUBMITTED,

                                               KROHN & MOSS, LTD.


                                         By:   /s/ Michael Agruss

                                              Michael S. Agruss
                                              CA Bar #: 259567
                                              Krohn & Moss, Ltd.
                                              120 W. Madison St., 10th Fl.
                                              Chicago, IL 60602
                                               Tel: 323-988-2400 x235
                                              Fax: 866-583-3695
                                              magruss@consumerlawcenter.com
                                              Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN

Plaintiff, JAMIE PATTERSON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JAMIE PATTERSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_6-22-11_
Date

_Jamie Patterson_
JAMIE PATTERSON

- 6 -

# **<u>EXHIBIT A</u>**

| S. No | Date of Call | Time of Call | From Phone Number | To Phone Number |
|---|---|---|---|---|
| 1 | 5/16/2011 | 12:19 PM | 800-831-7311 | 248-804-0349 |
| 2 | 5/16/2011 | 3:22 PM | 800-831-7311 | 248-804-0349 |
| 3 | 5/18/2011 | 9:13 AM | 248-230-4963 | 248-804-0349 |
| 4 | 5/18/2011 | 3:25 PM | 248-556-2169 | 248-804-0349 |
| 5 | 5/19/2011 | 1:22 PM | 248-721-8587 | 248-804-0349 |
| 6 | 5/19/2011 | 5:37 PM | 248-230-4963 | 248-804-0349 |
| 7 | 5/20/2011 | 9:05 AM | 248-230-4963 | 248-804-0349 |
| 8 | 5/20/2011 | 5:31 PM | 248-230-4963 | 248-804-0349 |
| 9 | 5/21/2011 | 11:45 AM | 248-230-4963 | 248-804-0349 |
| 10 | 5/21/2011 | 1:13 PM | 248-230-4963 | 248-804-0349 |
| 11 | 5/23/2011 | 10:04 AM | 248-556-2169 | 248-804-0349 |
| 12 | 5/23/2011 | 3:56 PM | 248-721-8587 | 248-804-0349 |
| 13 | 5/23/2011 | 6:17 PM | 248-556-2169 | 248-804-0349 |
| 14 | 5/24/2011 | 9:02 AM | 1800-831-7311 | 248-804-0349 |
| 15 | 5/24/2011 | 12:33 PM | 1800-831-7311 | 248-804-0349 |
| 16 | 5/25/2011 | 10:06 AM | 248-230-4963 | 248-804-0349 |
| 17 | 5/25/2011 | 1:08 PM | 248-721-8587 | 248-804-0349 |
| 18 | 5/26/2011 | 8:30 AM | 248-721-8587 | 248-804-0349 |
| 19 | 5/26/2011 | 11:39 AM | 248-230-4963 | 248-804-0349 |
| 20 | 5/27/2011 | 3:30 PM | 248-566-2169 | 248-804-0349 |
| 21 | 5/31/2011 | 9:50 AM | 248-721-8587 | 248-804-0349 |
| 22 | 5/31/2011 | 4:30 PM | 248-230-4963 | 248-804-0349 |
| 23 | 6/1/2011 | 6:15 PM | 248-566-2169 | 248-804-0349 |
| 24 | 6/2/2011 | 9:04 AM | 248-230-4963 | 248-804-0349 |
| 25 | 6/3/2011 | 8:54 AM | 248-721-8587 | 248-804-0349 |
| 26 | 6/3/2011 | 5:33 PM | 248-556-2169 | 248-804-0349 |
| 27 | 6/7/2011 | 1:00 PM | 248-721-8587 | 248-804-0349 |
| 28 | 6/7/2011 | 5:30 PM | 248-230-4963 | 248-804-0349 |
| 29 | 6/8/2011 | 7:15 PM | 248-721-8587 | 248-804-0349 |
| 30 | 6/9/2011 | 10:03 AM | 248-230-4963 | 248-804-0349 |
| 31 | 6/10/2011 | 9:00 AM | 248-230-4963 | 248-804-0349 |
| 32 | 6/13/2011 | 10:00 AM | 248-230-4963 | 248-804-0349 |
| 33 | 6/13/2011 | 12:44 PM | 248-230-4963 | 248-804-0349 |
| 34 | 6/13/2011 | 7:00 PM | 248-721-8587 | 248-804-0349 |
| 35 | 6/14/2011 | 9:00 AM | 248-230-4963 | 248-804-0349 |
| 36 | 6/14/2011 | 1:00 PM | 248-230-4963 | 248-804-0349 |
| 37 | 6/14/2011 | 6:00 PM | 248-721-8587 | 248-804-0349 |
| 38 | 6/16/2011 | 9:00 AM | 248-721-8587 | 248-804-0349 |
| 39 | 6/16/2011 | 6:00 PM | 248-230-4963 | 248-804-0349 |
| 40 | 6/17/2011 | 3:00 PM | 248-721-8587 | 248-804-0349 |